

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

XXXXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4128
Re: Construction of Article
VI, House Bill 8, 47th
Legislature.

We acknowledge receipt of your request for an opinion, which request reads in part as follow:

"We have received a letter from the Mid-Tex Motors, Inc., two paragraphs of which read as follows:

"' We sold a Mr. C. H. Ruebeck of Waco a new car, and took a straight note on the car with no mortgage. This note was only to run thirty days, so for that reasou, we wanted the title on the car in our name until the note was paid, as it involved the sum of one thousand dollars.

"' This car was never driven or operated by us. We registered it in our name and paid the 1% tax, furnished by Mr. Ruebeck, and as he has now paid off the note, we are trying to transfer it to him.'"

We have also been advised that the Tax Collector refuses to accept a transfer to Mr. C. H. Ruebeck until the tax is paid on such transfer. We have also been furnished with a photostatic copy of the registration receipt and tax receipt.

The registration receipt and the tax receipt revealed that the automobile in question was purchased by Mid-Tex Motors. Section 1 (a) of Article VI of House Bill 8, 47th Legislature, provides as folows:

"Section 1. (a) There is hereby levied a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to one (1) per cent of the total consideration paid or to be paid to the seller by the buyer, which consideration shall include the amount paid or to be paid for such motor vehicle and all accessories

> attached thereto at the time of the sale, whether such
> consideration be in the nature of cash, credit, or
> exchange of other property, or a combination of these.
> In the event the consideration received by the seller
> includes any tax imposed by the Federal Government,
> then such Federal tax shall be deducted from such
> consideration for the purpose of computing the amount of
> tax levied by this Article upon such retail sale."

It will be noted that the tax is levied on every "retail sale"
of every motor vehicle sold in this State. Subsection(b) of
Section 3, Article VI. House Bill 8, supra, defines "retail
sales" as being all sales except those whereby the purchaser
acquires a motor vehicle for the exclusive purpose of resale
and not for use.

Section 5 (a) of House Bill 8, supra, provides that at the time
the tax is paid the purchaser shall file with the Tax Collector
an affidavit setting forth the total consideration and Section
VI of House Bill 8, supra, provides that the Tax Collector shall
issue to the person paying the tax his receipt therefor.

As above stated the registration receipt and the tax receipt both
reveal that the purchaser was the Mid-Tex Motors. In view of the
fact that the law requires an affidavit be filed by the purchaser
we must assume that the Tax Collector complied with that requirement
of law and that the tax receipt issued was based upon such affidavit.

Therefore, insofar as the payment of the tax is concerned the
record of the transaction reveals that Mid-Tex Motors was the
purchaser and that it paid the tax as such purchaser.

We realize that the sale was made in good faith but that for some
reason best known to itself Mid-Tex Motors chose to not disclose
all of the facts in regard to the sale of the motor vehicle to
the Tax Collector. The law requires that the tax be paid before
the vehicle can be registered or transferred. The Mid-Tex Motors
presented the affidavit as required by law and thereupon the Tax
Collector performed the duty placed upon him by law on what the
record before him disclosed and received the tax and issued the
receipt.

After Mr. Ruebeck paid his note to Mid-Tex Motors it issued him
a transfer and the Tax Collector refused to accept it unless the
tax was paid. Section 5, House Bill 8, supra, expressly prohibits
the Tax Collector from accepting the transfer unless the tax is
paid. In this case the tax was paid upon a transfer or sale of the
motor vehicle from Mid-Tex Motors to itself and no tax has been
paid on the sale of the motor vehicle from Mid-Tex Motors to
Mr. Ruebeck.

We are therefore of the opinion that the tax must be paid on the transfer from Mid-Tex Motors to Mr. Ruebeck and that the Tax Collector is not authorized by law to accept such transfer until the tax is paid.

You have advised us that the money to pay the tax was furnished by Mr. Ruebeck. We think that the source of the money is immaterial because the record did not disclose that he was the purchaser.

We do not imply by this opinion that any intentional wrong was done by Mid-Tex Motors and realize that it chose the course it took to protect itself on the unpaid balance. The agreement to handle the sale, registration and payment of the tax in such manner was made by the motor company and Mr. Ruebeck and they must be bound by the consequences.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Richard H. Cocke

By
Richard H. Cocke
Assistant

RHC:db:ldw

APPROVED JAN 2, 1942
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN